**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR HERRERA-OLMEDO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    21-70562

Agency No. A076-374-679

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Edgar Herrera-Olmedo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and cancellation of removal.  Our jurisdiction is governed

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

In his opening brief, Herrera-Olmedo does not raise any challenge to the agency's determination that he failed to establish extraordinary circumstances to excuse his untimely asylum application, or to the BIA's conclusion that his proposed social group of "taking concrete steps to oppose gang membership and gang authority" was not properly before it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). The record does not otherwise compel the conclusion that Herrera-Olmedo established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Thus, Herrera-Olmedo's asylum claim fails.

As to withholding of removal, Herrera-Olmedo does not contest the BIA's determination that he waived challenge to the IJ's denial of relief, *see Lopez-Vasquez*, 706 F.3d at 1079-80, and we lack jurisdiction to consider his contentions as to the merits of his withholding of removal claim because he failed to raise them to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We also lack jurisdiction to review the agency's discretionary determination

2

that Herrera-Olmedo did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas*, 424 F.3d at 930.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**